IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mindy N. Neal, | ) | Civil Action No.: 0:18-cv-00262-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cigniti Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mindy N. Neal ("Plaintiff") filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Cigniti Technologies, Inc. ("Defendant") on January 31, 2018. (ECF No. 1.) This matter is before the court for review of Magistrate Judge Paige J. Gossett's Report and Recommendation ("Report") filed on August 9, 2018, recommending that Defendant's Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 19.) For the reasons set forth herein, the court **ACCEPTS** the Report, **GRANTS** Defendant's Motion to Dismiss, and **DISSMISSES** Plaintiff's Complaint without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation. (ECF No. 19.) As brief background, on January 31, 2018, Plaintiff alleged the following violations pursuant to Title VII: (1) discrimination on the basis of race, national origin, and gender; (2) unlawful retaliation; and (3) a hostile work environment. (ECF No. 1 at 3-5.) On May 2, 2018, Defendant moved to dismiss Plaintiff's claims for lack of subject-

1

matter jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 8.) On August 9, 2018, the Magistrate Judge determined that Plaintiff failed to show: (1) Defendant's contacts with South Carolina were purposely directed at the forum state so as to avail Defendant of the privileges of conducting activities in South Carolina; and (2) Defendant's contacts gave rise to her claims under Title VII. (ECF No. 19 at 5-6.) Because Plaintiff failed to establish specific, personal jurisdiction in this case, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted and that the Complaint be dismissed without prejudice under Rule 12(b)(2). (*Id.* at 19.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were notified of their right to file objections. (ECF No. 19 at 8.) Neither party filed objections to the Magistrate Judge's Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 19 at 1-7.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation (ECF No. 19) provides an accurate summary of the facts and law in the instant case. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and incorporates it herein by reference. For the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 19), the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 8), and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 3, 2018
Columbia, South Carolina

3