# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Mindy N. Neal, | Civil Action No.: 0:18-cv-00262-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Cigniti Technologies, Inc., | |
| Defendant. | |

This matter is before the court on Plaintiff's Motion to Alter Judgment (ECF No. 24) in which Plaintiff requests a transfer of venue to the United States District Court for the Northern District of Texas. Plaintiff seeks review of the court's October 3, 2018 Order (ECF No. 22), accepting the Magistrate Judge's Report and Recommendation ("Report) (ECF No. 19) and dismissing Plaintiff's Complaint (ECF No. 1) without prejudice for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). For the reasons stated herein, the court **GRANTS** Plaintiff's Motion to Alter Judgment, **VACATES** its October 3, 2018 order (ECF No. 22) and judgment (ECF No. 23), and **TRANSFERS** this action to the United States District Court for the Northern District of Texas.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its October Order (ECF No. 22). On October 3, 2018, because neither party filed objections to the Magistrate Judge's Report, and the Report accurately summarized the law and correctly applied it to the instant case, this court accepted the Magistrate Judge's Report, granted Defendant's Motion to Dismiss (ECF No. 8) and dismissed Plaintiff's Complaint (ECF No. 1) without prejudice. (ECF No. 22 at 3.)

1

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)). The moving party has the burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Importantly, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

## III. DISCUSSION

In Plaintiff's Motion to Alter Judgment, she requests that the court amend its prior judgment and grant a transfer of venue to the United States District Court for the Northern District of Texas. (ECF No. 24.) Under *Robinson*, Plaintiff must have established one of three grounds in order to obtain relief under Rule 59(e). 599 F.3d at 412. Because neither an intervening change in law nor new evidence that was not available at trial is present in this case, the court considers whether Plaintiff has established that there has been a clear error of law or manifest injustice.

In the court's October Order, it accepted the Magistrate Judge's Report and Recommendation, agreeing that Plaintiff had not shown that Defendant's contacts with South Carolina were sufficient to establish personal jurisdiction. (ECF No. 19 at 7.) Because Plaintiff

could not establish that the court had personal jurisdiction over Defendant, the Magistrate Judge recommended that Defendant's Motion to Dismiss under Rule 12(b)(2) be granted, and this court accepted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's Complaint. However, after consideration of Plaintiff's Motion to Alter Judgment, the court finds that there would be manifest injustice if the court affirmed dismissal of Plaintiff's action and did not transfer it to the United States District Court for the Northern District of Texas.

In *O'Neal v. Hicks Brokerage Co.*, the United States Court of Appeals for the Fourth Circuit agreed with the district court that a defendant's "contacts [were] too attenuated to confer [personal] jurisdiction upon the District Court of South Carolina." *O'Neal v. Hicks Brokerage, Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976). However, the Fourth Circuit reversed the district court's order to dismiss, and instead transferred the case to North Carolina where the case could have been brought. *Id.* Specifically, because the cause of action arose in North Carolina, the court found that "[t]he fairness required by due process would be abrogated if [the court] permitted [Defendant] to be subject to the jurisdiction of South Carolina courts" and that the action should be transferred to North Carolina in which North Carolina law would apply. *Id*. Therefore, when a district court lacks personal jurisdiction over a defendant in a matter, the court may transfer the case to a venue where the case could have been brought. *See Goldlawr, Inc. v. Heiman*, 369 U.S, 463, 465-66 (1962).

In *Levi v. Harris Teeter, LLC*, a district court held that Plaintiff's claim should be transferred from South Carolina to the Western District of North Carolina because Plaintiff's claim was filed in the wrong venue and "the interests of justice dictate[d] that [the] case be transferred rather than dismissed." *Levi v. Harris Teeter, LLC*, No. 4:16-CV-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *report and recommendation adopted*, No.

3

4:15-CV-01083-RBH, 2016 WL 4911047 (D.S.C. Sept. 15, 2016). The court made this determination based on the fact that Plaintiff's claims would otherwise be barred from re-filing in the proper venue as outside the limitations period for Title VII claims. *Id*. Therefore, in determining whether a Title VII claim should be dismissed or transferred, the court should consider the limitations period for Title VII claims and transfer the case if it would be in the interest of justice.

Similarly, in *Dove v. CODESCO*, the Fourth Circuit treated the plaintiff's motion to set aside the district court's dismissal order as a motion under Rule 59(e) and viewed the dismissal as an abuse of the court's discretion. *Dove v. CODESCO*, 569 F.2d 807, 809-10 (4th Cir. 1978). Specifically, where the plaintiff had raised a Title VII claim against his former employer, and the plaintiff's counsel failed to attend a pretrial conference, the district court dismissed the plaintiff's claim despite the fact that any future litigation of the plaintiff's claim would be barred because the limitations period had expired. *Id*. at 808-09. The Fourth Circuit held that although "the failure of plaintiff's local counsel to familiarize herself with local rules and practice" was inexcusable, "the sanction of dismissal was overly harsh, and therefore, an abuse of the court's discretion." *Id*. at 810. Therefore, a district court may transfer a case when requested by a plaintiff under Rule 59(e) if the case would be otherwise barred under the Title VII limitations period.

Under Title VII, "a plaintiff must file an action with the district court within ninety days after the Equal Employment Opportunity Commission (EEOC) provides a right to sue notice to the [p]laintiff." *Id*. (citing 42 U.S.C. § 2000e-5(f)(1)). Title VII also provides a venue provision, which states in part:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial

4

district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought <u>within the judicial district in which the respondent has his principal office</u>.

43 U.S.C. § 2000e-5(f)(3) (emphasis added). In addition, "when a plaintiff files in the wrong venue, 28 U.S.C § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue. The choice to transfer or dismiss a case is afforded by 28 U.S.C. § 1404." *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005). Specifically, "the 'interest of justice' requires 'removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Levi*, 2016 WL 4942057, at *2 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).

In the instant case, Plaintiff received a Notification of the Right to Sue from the EEOC on or about November 9, 2017. (ECF No. 1 at 1.) Plaintiff timely filed this action within ninety days on January 29, 2018. (ECF No. 1.) If the court affirms its dismissal of Plaintiff's claim, Plaintiff will be barred from re-filing in Texas as being outside the limitations period. This outcome would present an unconquerable obstacle that would impede adjudication of Plaintiff's claim on the merits. Therefore, rather than affirm dismissal, this court finds that transfer of this case to the proper venue is the appropriate remedy. *See Levi*, 2016 WL 4942057, at *2. Additionally, Defendant provides that its principal office is located in Irving, Texas, so transfer to the Northern District of Texas would be proper[1] (ECF No. 8-1 at 7). Because transfer is proper, this court need not address Defendant's remaining arguments, which should be considered by the transferee court.

---

[1] Irving, Texas is located within the Northern District of Texas. *Court Information*, U.S. DIST. CT. FOR THE N.D. TEXAS, http://www.txnd.uscourts.gov/court-info (last visited October 26, 2018).

## IV. CONCLUSION

After careful consideration of Plaintiff's arguments, and for the reasons set forth above, the court **GRANTS** Plaintiff's Motion to Alter Judgment (ECF No. 24), **VACATES** its October 3, 2018 Order (ECF No. 22) and judgment (ECF No. 23), and **TRANSFERS** this action to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

November 1, 2018
Columbia, South Carolina